66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cedric Lamont LACEY, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 95-1097.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: CONTIE, NELSON, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Cedric LaMont Lacey, a Michigan pro se prisoner, appeals a district court judgment dismissing a civil rights action he filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Lacey sued the Michigan Department of Corrections (MDOC), prison officials and correctional officers in their individual and official capacities. Lacey was assaulted by another inmate while housed at the Chippewa Regional Facility on May 31, 1993, at which time Lacey's leg was broken. Following this incident, Lacey was placed in detention and segregation for medical reasons and for his protection. He remained there for some five months while awaiting transfer to the Alger Maximum Correctional Facility (LMF). Lacey alleged that his placement in detention and segregation and his transfer into LMF, a Level V facility, violated his Eighth Amendment and due process rights.
 
 
 3
 After the defendants filed a motion to dismiss or for summary judgment, a magistrate judge recommended granting summary judgment in favor of the defendants. After considering Lacey's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case. This appeal followed.
 
 
 4
 Initially, we note that to the extent Lacey sued the defendants in their official capacity for monetary relief, the defendants are not subject to suit under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 5
 Upon de novo review, we conclude that the district court properly entered summary judgment in favor of the defendants. There is no genuine issue of material fact in dispute, and the defendants are entitled to judgment as a matter of Law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 With regard to the Eighth Amendment claim, Lacey has not demonstrated that the defendants' conduct was obdurate and wanton, Whitley v. Albers, 475 U.S. 312, 319 (1986), or that the defendants were deliberately indifferent to Lacey's conditions of confinement. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). With regard to the due process claim, Lacey does not possess a liberty interest in being free from administrative segregation. See Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.